### D. G. NOLAND v. CITY OF ASHEVILLE.

(Filed 29 May, 1929.)

**Municipal Corporations G d—Statutory time limit for notice of appeal from street assessments is mandatory.**

> Where notice of appeal from the levying of assessments for street improvements had not been given by the property owner objecting thereto within the statutory time limit for the giving of such notice, the entry on the books of the city commissioners, made after the expiration of the statutory time limit, that the owner had appealed therefrom is *not a* waiver of the requirements of the statute in this respect.

APPEAL by plaintiff from *Sink, Special Judge,* at September Special Term, 1928, of BUNCOMBE. Affirmed.

*Marcus Erwin for plaintiff.*
*George Pennell for defendant.*

PER CURIAM. This was a motion to dismiss an appeal alleged to have been taken by the plaintiff from a final order of the defendant, a municipal corporation, assessing damages and benefits to property owned by the plaintiff resulting from the improvement of one of the streets of the city. The final order was made on 19 June, 1926, and the plaintiff's notice of appeal was given on 28 July, 1926. In the charter of the defendant it is provided that any owner of premises who is dissatisfied with the damages or with the amount of special benefits assessed against his property, or with any item in the report of the jury, may appeal to the next term of the Superior Court "by serving upon the adverse party a written notice of such appeal within ten days after said board of commissioners shall have so passed upon said report, but not afterwards." Private Laws 1923, ch. 16, sec. 297.

On 28 July, 1926, the board of commissioners of the defendant met in regular session and made this entry upon their minutes: "The appeal of D. G. Noland from the report of the jury assessing benefits and damages on account of the proposed widening of Vance Street was presented to the board, and on motion ordered filed and the clerk instructed to prepare and file the necessary papers in the office of the clerk of Superior Court."

The appellant contends that this is a waiver of the defendant's right to insist upon the ten-day limitation of the statute. The appellee contends that the statute is mandatory as to the time limit; that the commissioners are representatives, not of themselves as individuals, but of the whole city, and that the time within which an appeal may be taken was definitely fixed for the protection of all the citizens. Our opinion is that the statute prescribes a specific time within which an appellant from assessments in proceedings of this kind must give notice of appeal, and that the entry on the minutes of the commissioners did not have the effect of enlarging the time. The question of the right to apply to the Superior Court in proper cases for a writ to bring up an appeal after the time limited when the appellant is not in fault is not presented.

Affirmed.