## F. B. EFIRD v. CITY OF WINSTON-SALEM.

(Filed 16 June, 1930.)

1. **Pleadings D a—Demurrer challenges plaintiff's right to maintain the action in any view of matter.**

   A demurrer to the complaint challenges the right of the plaintiff to maintain his action in any view of the matter, admitting for the purpose the truth of the allegations.

2. **Municipal Corporations G a, G d—Ownership of street is prerequisite to power of city to levy street assessments for improvements.**

   The ownership by the city of a street is a prerequisite to the power of the city to levy an assessment for street improvements against abutting owners thereon, C. S., 2703, and where the plaintiff in an action to have the street assessments removed as a cloud upon his title alleges in his complaint that the strip of land along which the plaintiff's lands abut is owned by him and not by the city as a street, a demurrer, filed on the ground that the owner should have proceeded under C. S., ch. 56, by objecting to the assessment roll at the time, admits the private ownership of the property, and will not be sustained.

3. **Same—Upon paying damages for condemnation of street the city may assess abutting owner of property for improvements.**

   Where the plaintiff alleges a cause of action against a city for taking his lands and demands compensation therefor, a recovery of the damages would entitle the city to assess the remaining property of the plaintiff abutting the land condemned for street improvements.

4. **Municipal Corporations G b: Eminent Domain D a—City may condemn land for street and levy assessments for street improvements in same action.**

Under the provisions of C. S., 2792 (Sup., 1924), a city may in the same action proceed to acquire land for a street by condemnation and to have the assessment made for street improvements on the lands of the abutting owner.

APPEAL by defendant from *Schenck, J.,* at February Term, 1930, of FORSYTH. Affirmed.

For a *first* cause of action plaintiff alleges: That he is the owner and in possession of a tract of land of approximately 50 acres, describing same, and about one-third is within the corporate limits of the city of Winston-Salem. That on 4 March, 1927, defendant purporting to act under the authority of chapter 56, Public Laws of 1915, upon the assumption that it was a public street across a portion of the plaintiff's land, whereas it was not, levied an assessment thereon of $8,152.20, the cost of improving and paving said assumed street. That prior to the levy of the assessment and paving of the street, plaintiff protested to the defendant against the proposed work and plaintiff denied the legal right of defendant to make an assessment against his property on account of said paving; that the assessment is illegal and invalid and casts a cloud upon the title of said tract of land.

For a *second* cause of action plaintiff alleges, after making the above allegation as to ownership: That in June, 1926, the defendant took possession of a strip of plaintiff's land 50 feet wide and 550 feet in length lying in the corporate limits of defendant over plaintiff's protest and objection and paved same, assessing against the remainder of said tract for the cost of said pavement $8,152.20, and also laid across the said tract of land sewer and water lines. That defendant entered and took possession of said land and brought no proceedings for the purpose of vesting title in defendant, and there was no effort on the part of defendant to agree with plaintiff upon the purchase of the land or to acquire the right to enter thereon. That defendant's conduct was unlawful and wrongful; that plaintiff has been damaged in the sum of $2,500; that defendant declines to pay plaintiff any damages and refuses to institute condemnation proceedings to acquire title to the said land or a right to enter thereon. Pursuant to the provision of section 94 of defendant's charter the claim in writing was filed with defendant for $5,500 damages. "Wherefore, he prays that said assessment be declared illegal and invalid; that the entry thereof upon the record of the city of Winston-Salem be canceled and that said city, pending further proceedings herein, be enjoined and restrained from taking any further steps in connection with said assessment or its collection, and especially that said city be enjoined and restrained from advertising and selling

the land herein described in satisfaction of said assessment; that he recover of the defendant the sum of $2,500, with interest, and the costs of this action to be taxed by the clerk."

The demurrer of defendant is as follows: "Now comes the defendant, city of Winston-Salem, and demurs to the first cause of action filed in the complaint filed in this cause, upon the ground that the cause of action alleged therein, if any, should have been called to the attention of the board of aldermen of the city of Winston-Salem, when and where objections would have been heard, and the said assessment could have been corrected. That the plaintiff did not appear as the law provides before the board of aldermen, or in anywise protested to this assessment, or in anywise appealed from the judgment making the assessment a lien on his property which is provided for under Public Laws 1915, chapter 56, and the defendant further moves the court to strike from the second cause of action that portion of paragraph 3 contained in parenthesis, the same being irrelevant." The allegation requested to be stricken out is as follows, in second cause of action: "Assessing against the remainder of said tract, for the cost of said pavement, approximately the sum of $8,152.20."

The judgment of the court below is as follows: "This cause coming on to be heard, and being heard before his Honor, Michael Schenck, judge presiding, at the February, 1930, Term of the Superior Court of Forsyth County, on the demurrer of the city of Winston-Salem to the first cause of action set out in the complaint, the grounds for the demurrer being that the plaintiff did not except to, or appeal from the confirmation of the assessment roll of the board of aldermen, in accordance with chapter 56 of the Consolidated Statutes of North Carolina, and the court being of the opinion that the demurrer should be overruled; it is therefore ordered, adjudged and decreed that the demurrer, and the same is hereby overruled, and the defendant is allowed twenty days from the entry of this judgment, or if appealed to the Supreme Court and decided adversely to the defendant, twenty days from the certificate of the Supreme Court in which to answer or otherwise plead."

The defendant excepted to the judgment for the reason set forth in the demurrer, assigned error and appealed to the Supreme Court.

*Oscar O. Efird and Manly, Hendren & Womble for plaintiff.*
*Parrish & Deal for defendant.*

CLARKSON, J.   "A demurrer goes to the heart of a pleading and challenges the right of the pleader to maintain his position in any view of the matter, admitting for the purpose the truth of the allegations of fact contained therein." *Meyer v. Fenner,* 196 N. C., at p. 477; *Winston-Salem v. Ashby,* 194 N. C., at p. 390.

The material question presented on this appeal is set forth in defendant's assignment of error: "That the confirmation of the assessment roll by the board of aldermen of the city of Winston-Salem precludes and bars the present contentions of the plaintiff as set out in the complaint, and that the plaintiff should have objected to the confirmation of the assessment roll at the time and place provided therefor, and should have appealed from the confirmation of the assessment roll in accordance with chapter 56 of Consolidated Statutes of North Carolina." We cannot so hold.

It seems that defendant has no local statute on the subject and its right depends on the public statutes. From the allegations set forth in the first cause of action, we think plaintiff's complaint states a cause of action. It appears from the complaint that defendant entered and took possession of plaintiff's land that it had no right of possession or title to, against his protest, paved the *locus in quo* and levied an assessment on his land. In the case of *Greensboro v. Bishop,* 197 N. C., 748, the condemnation and assessment were made in one action. See chapter 220, Public Laws of North Carolina, 1923, C. S., 2792 (Sup., 1924), a to p inclusive. In the present action, from the allegations of plaintiff's complaint, the land taken by defendant and paved was his private property and not a public street.

It is well settled that if plaintiff's land was in the city of Winston-Salem and the *locus in quo* was a street or alley of the city, the position contended for by defendant would be applicable. The statutory remedy would have to be followed. The whole street improvement statutes are bottomed on street and alley improvement, which implies ownership in the city. C. S., 2703; *Brown v. Hillsboro,* 185 N. C., 368; *Gunter v. Sanford,* 186 N. C., 452; *Leak v. Wadesboro,* 186 N. C., 683; *Vester v. Nashville,* 190 N. C., 265; *A. C. L. Ry. Co. v. Ahoskie,* 192 N. C., 258; *Mfg. Co. v. Pender,* 196 N. C., 744; *In re Sou. Ry. Co. Paving Assessment,* 196 N. C., 756; *Jones v. Durham,* 197 N. C., 127; *Noland v. Asheville,* 197 N. C., 300.

In *R. R. v. Ahoskie,* 192 N. C., at p. 260, the following is said: "Therefore, under our statute, one of the essential requisites of a valid assessment is the existence of a public street or alley. It is admitted that all of the requisites of a valid assessment appear except the one requiring the existence or establishment of a public street. The defendant contends that the property improved was a public street, and the plaintiff contends to the contrary. This was a fact to be established by evidence. An assessment, under the express language of our statute, implies the existence of a public street. If no public street existed, then no assessment can be legally laid upon abutting owners."

In *R. R. v. Ahoskie, supra,* there was a dispute of fact as to whether the land was a public street or the property of the railroad. The railroad submitted itself to the assessment procedure, protested to the work being done as the property belonged to it and not to the town of Ahoskie, and appealed under C. S., 2714, from the confirmation. The Court said, at p. 262: "The conclusion of the whole matter, therefore, is whether or not this assessment was valid. If Railroad Street is a public street of the town of Ahoskie, then the town had the right to make a valid assessment against abutting owners. If it is not a public street, then no assessment under our statute could be properly made. This is a question of fact to be determined and established by competent evidence, and, certainly, the validity of the assessment under our statutes can be challenged in the assessment proceedings."

In the present action the demurrer admits the ownership of the land in plaintiff and there is no present dispute on the record as to that fact. If the defendant had proceeded under chapter 220, Public Laws of N. C., 1923; C. S., 2792 (Sup., 1924), a to p inclusive, the condemnation and assessment could be made in one action. *Greensboro v. Bishop, supra.*

The defendant demurred *ore tenus* to the second cause of action. We think defendant's contention untenable.

From the present record, under the second cause of action, compensation will have to be paid plaintiff for the land taken by defendant. When defendant acquires title to the land, it can make an assessment on the land for street improvements.

In *Construction Co. v. Brockenbrough,* 187 N. C., p. 77, we said: "As was said in *Board of Commissioners, supra,* (183 N. C., p. 302): 'Subject to certain exceptions, the general rule is that the Legislature may validate retrospectively any proceeding it might have authorized in advance.' The municipality can do the same." *Storm v. Wrightsville Beach,* 189 N. C., at p. 683; *Brown v. Hillsboro,* 185 N. C., 377; *Holton v. Mocksville,* 189 N. C., 145.

It would be inequitable for plaintiff to receive compensation for his land and obtain the street improvements also without paying a just assessment.

The second cause of action of plaintiff's complaint sets forth an action to recover damages for the land that plaintiff alleges that defendant has unlawfully and wrongfully taken and in the same action asks that the assessment lien be removed as a cloud on the title. Under the facts and circumstances of this cause, fair dealing would require that the defendant be awarded the right to levy a just assessment when defendant pays the damages for the land to plaintiff under the second cause of action. The judgment is

Affirmed.