This proceeding was begun on 8 September, 1925, and has since been prosecuted under the provisions of C. S., 2703, et seq., for the purpose of determining the validity of an assessment made by the governing body of the town of Ahoskie on the Atlantic Coast Line Railroad Company for the cost of paving a parcel of land for street purposes.
The Atlantic Coast Line Railroad Company contested the validity of the assessment on the ground that the parcel of land which had been paved by the town of Ahoskie is not included within or a part of a public street of said town, but is owned by said railroad company, for depot purposes. The assessment was confirmed by the governing body of the town of Ahoskie, and the railroad company appealed to the Superior Court of Hertford County. This appeal was heard at April Term, 1926, of said court and dismissed, on the ground that the title to the land which had been paved could not be litigated in this proceeding. The order dismissing the appeal was reversed by the Supreme Court. See R. R. v. Ahoskie, 192 N.C. 258, 134 S.E. 653.
Issues involved in the proceeding were tried by a jury at October Term, 1931, of the court, and answered favorably to the contentions of the town of Ahoskie. The judgment, in accordance with the verdict confirming the assessment, was reversed by the Supreme Court. See R. R. v. Ahoskie,202 N.C. 585, 163 S.E. 565. The proceeding was remanded to the Superior Court of Hertford County.
On 25 October, 1932, while the proceeding was pending in the Superior Court of Hertford County, the town of Ahoskie filed a petition therein admitting that the Atlantic Coast Line Railroad Company is the owner of the parcel of land which it had caused to be paved, and praying that the said parcel of land be condemned for street purposes. *Page 155 
The Atlantic Coast Line Railroad Company entered a special appearance, and moved that the petition and the proceeding be dismissed. This motion was allowed, and the town of Ahoskie appealed to the Supreme Court.
This is a statutory proceeding. It was begun before the governing body of the town of Ahoskie, by a notice served by said body on the Atlantic Coast Line Railroad Company, as required by statute (C. S., 2712), to show cause why an assessment for a street improvement made by the town of Ahoskie against the said railroad company should not be confirmed. The Atlantic Coast Line Railroad Company appeared before said governing body and filed its objections in writing to said assessment. These objections were overruled by the governing body of the town of Ahoskie. The assessment was confirmed (C. S., 2713), and the railroad company appealed to the Superior Court of Hertford County. C. S., 2714.
The jurisdiction of the Superior Court was acquired by appeal. It was altogether derivative, and was restricted to matters involved in the proceeding, of which the governing body of the town of Ahoskie had original jurisdiction. Neither the said governing body nor the Superior Court had jurisdiction in this proceeding to condemn land for street purposes. As the lower court had no jurisdiction to order a condemnation of the land under the power of eminent domain, the appellate Court was likewise without jurisdiction to do so. See McIntosh N.C. Prac. and Proc., p. 64.
The suggestion in the opinion of this Court in R. R. v. Ahoskie,202 N.C. 585, 163 S.E. 565, that the land assessed for the payment of a street improvement could and should be condemned in this proceeding was an inadvertence on the part of the court as to the nature of this proceeding. It is not an action begun in the Superior Court, as was the case in Efird v. Winston-Salem, 199 N.C. 33, 153 S.E. 632, cited to support the suggestion, but a statutory proceeding of which the governing body of the town of Ahoskie had original jurisdiction.
The order dismissing the petition for condemnation, and also dismissing the proceeding, is
Affirmed. *Page 156