J. R. HILL ET AL. v. BOARD OF COMMISSIONERS OF GATES COUNTY.

(Filed 16 September, 1925.)

**Constitutional Law—Local Laws—Due Process—Taxation—Uniformity.**

A public-local law authorizing the commissioners of a county to take over a specified highway within the county, constituting one of the principal highways within the county, connecting two important State highways, transferring to the said commissioners the bridges of the various townships for their care and supervision, is not violative of

Art. II, sec. 29, of our Constitution against direct legislation by local, private or special act, nor the taking of property without due process of law, Art. I, sec. 17; nor the pledging of the county's faith or credit without the approval of the voters, etc., Art. VII, sec. 7; nor against the uniformity rule, Art. VIII, sec. 9: *Semble*, such powers are declaratory or supplemental to the general statute law, and valid.

VARSER, J., not sitting.

APPEAL by plaintiffs from *Sinclair, J.,* at December Term, 1924, of GATES.

Civil action, heard upon demurrer and facts agreed, to enjoin the defendant, Board of Commissioners of Gates County, from proceeding, under chapter 46, Public-Local Laws, Extra Session, 1924, "to take over the highway leading from Mitchell's Fork via Gatesville, Buckland, and Gates to the Virginia State line near Somerton, Virginia, and to relieve the townships through which the highway traverses from the burden of building, reopening, and maintaining the same, and also to take over all the bridges of the various townships, the said bridges to be built and maintained at the expense of the county." Authority is also given in said act to levy a special tax on all the property in the county, not to exceed fifteen cents on the $100 valuation, for the purpose of carrying out the provisions of the statute.

From a judgment sustaining the demurrer and dismissing the action, the plaintiffs appeal.

*McMullen & Leroy for plaintiffs.*
*T. W. Costen, A. P. Godwin, and Ehringhaus & Hall for defendant.*

STACY, C. J. The basis of the present action is the alleged unconstitutionality of chapter 46, Public-Local Laws, Extra Session, 1924.

It is contended, in the first place, that the act in question is violative of Article II, sec. 29, of the Constitution, which provides, in part, as follows: "The General Assembly shall not pass any local, private, or special act or resolution . . . authorizing the laying out, opening, altering, maintaining, or discontinuing of highways, streets, or alleys."

In *Brown v. Comrs.,* 173 N. C., 598, it was said that the prohibition of this section of the Constitution was against direct legislation to accomplish the things therein enumerated by any local, private, or special act of the General Assembly. Such is not the purpose or effect of the statute now before us. The designated highway is one of the principal thoroughfares in Gates County, and connects two important State highways, numbers 30 and 32, which themselves traverse the county and several others. Furthermore, all the bridges of the various townships are transferred to the care and supervision of the county commissioners.

We do not find the act in conflict with Article II, sec. 29, of the Constitution. *S. v. Kelly,* 186 N. C., 365, and cases there cited.

Nor can it be held invalid, according to plaintiffs' contention, as violative of the provisions of the Constitution (1) against taking property without due process of law (Article I, sec. 17) or (2) pledging the faith of the county, except for a necessary expense, without a vote of a majority of the qualified electors therein (Article VII, sec. 7), or (3) levying a tax in disregard of the rule of uniformity in taxation (Article VII, sec. 9).

Plaintiffs have proceeded on the theory that the act authorizes a county tax for local township roads; whereas, from the facts agreed, it appears that the designated road forms an essential part of a county-wide scheme, affording improved highway facilities to every township in the county and benefiting all.

Again, it would seem that the act here challenged is only declaratory of, or supplementary to, the powers given the defendant under the general law. *Road Com. v. Comrs.,* 188 N. C., 362. Such would apparently save its constitutionality.

The exceptions are not allowed.

Affirmed.

VARSER, J., not sitting.