O. C. DEESE AND ELLEN DEESE v. TOWN OF LUMBERTON, A MUNICIPAL CORPORATION, AND E. M. JOHNSON, MAYOR; W. A. ROACH, J. R. McLEOD, A. M. HARTLEY, AND WILLIAM BEST, COMMISSIONERS OF SAID TOWN, AND AS INDIVIDUALS.

(Filed 16 December, 1936.)

1. Statutes § 2—Statute enlarging jurisdiction of town to include sidewalks and alleys held not special act inhibited by Art. II, sec. 29.

A municipal corporation was given jurisdiction by its charter over streets, and the act provided machinery for laying out, opening, altering,

and maintaining its public streets.    (Ch. 343, Private Acts of 1907.)
Thereafter, a private act was passed enlarging the town's jurisdiction so
as to include therein sidewalks and alleys, but prescribed no method for
condemnation of lands for alleys.    (Ch. 216, Private Laws of 1925.)  *Held:*
The later act merely enlarged the jurisdiction of the town to include side-
walks and alleys under the machinery set out in the prior act, and the
later act is not a special statute relating to roads inhibited by Art. II,
sec. 29, of the State Constitution, the act not relating to the laying out,
opening, altering, or discontinuance of any particular and designated
highway, street, or alley.

**2. Eminent Domain § 3—Contribution by property owners whose lands are
benefited does not affect question of whether taking is for public pur-
pose.**

The fact that property owners along one side of a proposed municipal
alley agree to pay the damages assessed in favor of the property owners
along the other side of the proposed alley does not affect the question of
whether the taking of the land for the alley is for a public purpose, the
contribution by the property owners whose land would be enhanced in
value by the alley being proper, and the municipal authorities finding that
the growth of the city and the desirability' of the alleyway for business
property made the acquisition of the land for the alley necessary in the
public interest.

APPEAL by plaintiffs from *Williams, J.,* at May Term, 1936, of
ROBESON.    Affirmed.

The judgment of the court below is as follows: "By consent, the hear-
ing upon the temporary restraining order issued in this cause by Hon.
N. A. Sinclair, resident judge of the Ninth Judicial District, was con-
tinued and heard by the undersigned judge presiding over the courts of
the Ninth Judicial District, at Chambers in Lumberton, N. C., on this
29 May, 1936.    Upon consideration of the complaint and answer filed
herein, treated as affidavits, and the argument of counsel for plaintiffs
and defendants, the court finds the following facts:

"1. That the commissioners of the town of Lumberton acted within
their discretion and without any abuse of the same in finding as a fact
that the public necessity requires and demands that a new street or alley
be opened in the town of Lumberton, bounded and described as particu-
larly set out in paragraph four of the complaint; there was no allegation
nor evidence before the court to the contrary, and the court refuses to
review the findings of the commissioners of the town of Lumberton with
respect to public necessity requiring that said alleyway be opened.    The
court finds as a fact the defendants and plaintiffs herein cannot agree in
regard to the value of land or property damaged, and that the property
owners immediately to the south of said proposed alleyway agreed to
save the town harmless from any expense of said condemnation proceed-
ing; that said agreement was made in good faith and not by any collu-

sion between the town of Lumberton and said property owners, and in no way affected the *bona fides* of the exercise of their discretion in adjudging that the public necessity required the opening of said alleyway in said transaction, the commissioners of the town of Lumberton were merely trading with the abutting property owners, who would be particularly benefited by virtue of the opening of said alleyway adjacent to and immediately north of any business houses they might erect upon their said property.

"2. The proposed alleyway is within the fire limits of the town of Lumberton, directly in front of and across the street from the United States post office, and within two blocks of the courthouse of Robeson County. The property owners to the south of said proposed alleyway desire to develop said property by building thereon business houses, including a funeral home. The business section of the town of Lumberton, because of the unusual growth of the town, is expanding to the north, where said proposed alleyway is situate.

"3. In condemning the lands described in paragraph four of the complaint for a public alleyway, the commissioners of the town of Lumberton proceeded in accordance with the authority granted by chapter 343, Private Laws of North Carolina, Session of 1907 (the charter of the town of Lumberton), particularly section 48 of said chapter, as amended by chapter 216, Private Laws of North Carolina, Session 1925. The court is of opinion that this last named act in no way prescribes the manner, method, way, or means of laying out, opening, altering, maintaining, or discontinuing of streets or alleys, but said act merely adds to the jurisdiction previously given the commissioners of the town of Lumberton by chapter 343, Private Laws of North Carolina, Session 1907, by giving them authority over sidewalks and alleys to the same effect and in the same manner as that previously granted the said commissioners of the town of Lumberton over streets under the Act of 1907, and this enlargement of jurisdiction, without changing the method, manner, way, or means of laying out streets previously authorized by the Act of 1907, does not contravene or conflict with section 29, Article II of the Constitution of North Carolina.

"4. Plaintiffs do not contend that defendant town of Lumberton has not properly proceeded to condemn the necessary lands for said alleyway, in accordance with section 48, chapter 343, Private Laws of 1907, as amended by chapter 216, Private Laws of 1925, and the court finds as a fact that defendant town of Lumberton has properly proceeded with said condemnation proceeding, in accordance with said acts, the only contention of plaintiffs with reference thereto being that chapter 216, Private Laws of 1925, is in conflict with section 29, Article II of the Constitution of North Carolina.

2—211

"Upon the foregoing findings of fact it is ordered, adjudged, and decreed that the temporary restraining order heretofore issued in this cause by the Hon. N. A. Sinclair, resident judge of the Ninth Judicial District, be and the same is hereby dissolved, and that plaintiffs be taxed with the cost of this action. Clawson L. Williams, Judge presiding over the courts of the Ninth Judicial District."

To the foregoing judgment, and each and every finding of fact and ruling thereon, the plaintiffs excepted and assigned error, and appealed to the Supreme Court. The plaintiffs excepted and assigned error in detail to the findings of fact by the court below.

*F. D. Hackett and Varser, McIntyre & Henry for plaintiffs.*
*McLean & Stacy for defendants.*

CLARKSON, J. (1) Is Private Laws of 1925, chapter 216, which amends chapter 343, Private Laws 1907, invalid under Article II, section 29, Constitution of North Carolina? We cannot so hold.

Chapter 216, Private Laws of 1925, amends chapter 343, Private Laws of 1907 (charter of the town of Lumberton), by adding the words "side walks, alley" between the word "new" and the word "street" in line two of section 48 of said chapter 343, Private Laws of 1907. This act merely increases the jurisdiction and authority already granted the commissioners of the town of Lumberton under its charter. (Chapter 343, Private Acts of 1907.) All the machinery for laying out, opening, altering, and maintaining streets is set out in the charter of the town of Lumberton, and the Act of 1925 only enlarges the jurisdiction of the commissioners of the town so as to include sidewalks and alleys. Chapter 216, Private Laws of 1925, does not attempt to prescribe the method by which the town of Lumberton may condemn lands for alleys, but merely increases the authority already conferred by the charter of the town of Lumberton in the way, manner, and means prescribed by the Act of 1907. Before chapter 216, Private Laws of 1925, could be in violation of Article II, section 29, of the Constitution, it would have to relate to laying out, opening, altering, or discontinuing of a *given particular and designated* highway, street, or alley.

We think the contentions of defendants are sustained by a long line of decisions in this jurisdiction, since the passage of the constitutional amendment, section 29, Article II, which was ratified 28 February, 1917, and became effective 10 January, 1917. *Brown v. Comrs.,* 173 N. C., 598; *Hill v. Comrs.,* 190 N. C., 123; *S. v. Horne,* 191 N. C., 375. See concurring opinion and cases cited in *Webb v. Port Commission,* 205 N. C., 663, p. 678, *et seq.* See, also, *Glenn v. Board of Education,* 210

N. C., 525. Under the above authorities, plaintiffs lose on this aspect and by the *Holton* case below cited.

In *Holton v. Mocksville,* 189 N. C., 144 (149), we find: "Section 4 of Article VIII of the Constitution imposes upon the General Assembly the duty to provide by general law for the improvement of cities, towns, and incorporated villages. It does not, however, forbid altering or amending charters of cities, towns, and incorporated villages or conferring upon municipal corporations additional powers or restricting the powers theretofore vested in them. We find nothing in section 4, Article VIII of the Constitution rendering this act unconstitutional, nor does the act relate to any of the matters upon which the General Assembly is forbidden by section 29, Article II, to legislate. *Kornegay v. Goldsboro,* 180 N. C., 441." *Webb v. Commission,* 205 N. C., 663 (673).

(2) The court below found that the whole matter was done in the discretion of the town of Lumberton and in good faith. *Durham v. Rigsbee,* 141 N. C., 128.

In *Stratford v. Greensboro,* 124 N. C., 127 (131), it is said: "There can be no objection to the contributing of an individual to the expense of laying out or altering a street, nor will such an act prove that the property was taken for the accommodation of private individuals and not for public use. If in point of fact the public necessity and convenience require the improvement of a street or the opening of one, it can make no difference who pays the damages of condemnation. It might be that a party contributing a part or the whole of the assessed damages in the condemnation of land for a public street when the public necessity requires such street, might have lands adjacent which might be improved by the opening of the street, and surely if nothing else appeared it would not be either immoral or illegal for him to pay the damages growing out of the condemnation proceedings," citing authorities. At p. 133: "All the courts, we believe, concur in holding that whether a particular use is public or not within the meaning of the Constitution, is a question for the judiciary. Lewis on Em. Domain, sec. 158; Cooley on Taxation, 110, 120; *Clark v. Sanders,* 74 Mich., 692." *Reed v. Highway Com.,* 209 N. C., 648.

The findings of fact by the court below were supported by the evidence in the case. For the reasons given, the judgment is

Affirmed.