STATE v. D. H. SOSSAMON, JR.

(Filed 1 May 1963.)

1. **Indictment and Warrant § 9—**

A warrant or indictment following substantially the language of the statute is sufficient if and when it thereby charges the essentials of the offense in a plain, intelligible, and explicit manner, G.S. 15-153, but if the statutory words fail to charge the offense they must be supplemented by other allegations supplying the deficiency.

2. **Automobiles § 3—**

A warrant charging that defendant operated a motor vehicle on the public highway "after" his driver's license had been revoked or suspended fails to charge the offense defined in G.S. 20-28(a), it being

necessary to charge that defendant operated a motor vehicle during the period his license was suspended or revoked.

**3. Indictment and Warrant § 14;    Criminal Law § 121—**

A warrant which is fatally defective because of its failure to charge a criminal offense may not be cured by the court's instructions or by the verdict of the jury, and motion in arrest of judgment must be allowed.

**4. Criminal Law § 121—**

Arrest of judgment for a fatally defective warrant does not bar further prosecution upon a valid warrant.

APPEAL by defendant from *Johnston, J.,* October 8, 1962, Regular Criminal Term of CABARRUS.

Defendant was tried initially in the Recorder's Court of Cabarrus County and thereafter, upon his appeal from the judgment of said court, was tried *de novo* in the superior court.

In the superior court, defendant was tried on a warrant, which, as amended, charged that defendant on March 26, 1961, in No. 4 Township, Cabarrus County, "did unlawfully, willfully, operate a motor vehicle upon the public highways of North Carolina after his license had been revoked or suspended by the Department of Motor Vehicles in violation of 20-28 of the Motor Vehicles Laws of North Carolina, this being the defendant's second offense of the aforesaid crime, the same offender, D. H. Sossamon, Jr., having been convicted theretofore on or about the 29th day of February 1960, in the Cabarrus County Recorders Court of the offense of driving after his license was suspended," against the form of the statute, etc. Evidence was offered by the State and by defendant.

The jury was instructed to return one of three verdicts: "(1) Guilty of driving a motor vehicle upon the public highway during and while his driver's license were *(sic)* revoked, he having theretofore been convicted of driving a motor vehicle on the public highways during and while his driver's license were *(sic)* revoked; or (2) Guilty of driving a motor vehicle on the public highways during and while his driver's license were *(sic)* revoked; or (3) Not Guilty."

The verdict was: "Guilty of operating a motor vehicle on the public highways during and while his license was revoked."

Upon return of the verdict, defendant made a motion in arrest of judgment and excepted to the court's denial thereof.

Judgment imposing a prison sentence of eight months was pronounced. It provided that this prison sentence "shall run concurrently with the prison sentence of eight months pronounced in the Recorder's Court of Cabarrus County and for which commitment was ordered

issued by this Court this date in Case No. 8378 on the Criminal Issue Docket." (Note: The present case was designated Case No. 8377 on the Criminal Issue Docket.)

Defendant excepted to said judgment and appealed. Upon appeal, defendant assigns as error, *inter alia*, the denial of his said motion in arrest of judgment.

*Attorney General Bruton and Assistant Attorney General Barham for the State.*

*T. O. Stennett and Harry E. Faggart, Jr., for defendant appellant.*

BOBBITT, J. Whether defendant's motion in arrest of judgment should have been allowed depends upon whether the amended warrant is fatally defective. This must be determined by application of the well settled legal principles stated below.

"A valid warrant or indictment is an essential of jurisdiction." *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166; *S. v. Thornton,* 251 N.C. 658, 660, 111 S.E. 2d 901. A warrant or indictment must charge all the essential elements of the alleged criminal offense. *S. v. Morgan, supra.* The reasons underlying this requirement are summarized by *Parker, J.,* in *S. v. Greer,* 238 N.C. 325, 77 S.E. 2d 917. Nothing in G.S. 15-153 or in G.S. 15-155 dispenses with the requirement that the essential elements of the offense must be charged. *S. v. Gibbs,* 234 N.C. 259, 261, 66 S.E. 2d 883, and cases cited; *S. v. Strickland,* 243 N.C. 100, 101, 89 S.E. 2d 781; *S. v. Cox,* 244 N.C. 57, 60, 92 S.E. 2d 413.

A warrant or indictment following substantially the language of the statute is sufficient if and when it thereby charges the essentials of the offense "in a plain, intelligible, and explicit manner." G.S. 15-153; *S. v. Eason,* 242 N.C. 59, 86 S.E. 2d 774. If the statutory words fail to do this they "must be supplemented by other allegations which so plainly, intelligibly and explicitly set forth every essential element of the offense as to leave no doubt in the mind of the accused and the court as to the offense intended to be charged." *S. v. Cox, supra,* and cases cited.

The reference in the amended warrant to G.S. 20-28 discloses an intent to charge a violation of the offense defined therein. However, "(m)erely charging in general terms a breach of the statute and referring to it in the indictment is not sufficient." *S. v. Ballangee,* 191 N.C. 700, 702, 132 S.E. 795, and cases cited.

G.S. 20-28(a), in pertinent part, provides:

"Any person whose operator's or chauffeur's license has been suspended or revoked other than permanently, as provided in this chap-

ter, *who shall drive* any motor vehicle upon the highways of the State *while such license is suspended or revoked* shall be guilty of a misdemeanor and his license shall be suspended or revoked, as the case may be, for an additional period of one year for the first offense, two years for the second offense, and permanently for a third or subsequent offense; . . ." (Our italics)

The amended warrant charges that defendant on March 26, 1961, operated a motor vehicle upon the public highways "after his license had been revoked or suspended" but does not charge he did so "while such license (was) suspended or revoked." Nor does it allege when or for what period defendant's license had been revoked or suspended. Hence, the amended warrant does not allege an essential element, indeed the gist, of the offense defined in G.S. 20-28(a). To constitute a violation of G.S. 20-28(a), such operation must occur "while such license is suspended or revoked," that is, during the period of suspension or revocation.

It is noted that the amended warrant refers to an alleged prior conviction of defendant on February 29, 1960, for "driving after his license was suspended," not for driving while his license was suspended.

True, the jury found defendant "Guilty of operating a motor vehicle on the public highways during and while his license was revoked." It is noteworthy that the court's instructions to the jury excluded "Guilty as charged" as a permissible verdict. This suggests the court was at least doubtful as to the sufficiency of the amended warrant. Be that as it may, a fatal defect in the amended warrant could not be cured either by the court's instructions or by the verdict. *S. v. Tyson,* 208 N.C. 231, 180 S.E. 85.

We are constrained to hold that the amended warrant is fatally defective in that it does not allege in words or in substance an essential element of the offense defined in G.S. 20-28(a). The fatal defect appears on the face of the amended warrant. *S. v. Dunston,* 256 N.C. 203, 204, 123 S.E. 2d 480, and cases cited.

For the reasons stated defendant's motion in arrest of judgment should have been and now is allowed. However, the arrest of judgment on the ground a warrant is fatally defective does not bar further prosecution on a valid warrant. *S. v. Barnes,* 253 N.C. 711, 718, 117 S.E. 2d 849, and cases cited.

Judgment arrested.