STATE v. JOSEPH DANIEL BLACKNELL.

(Filed 12 April, 1967.)

**1. Indictment and Warrant § 14—**

By pleading to a warrant in a court having jurisdiction of the offense, defendant waives any defect incident to the authority of the person is-

suing the warrant, and motion to quash thereafter made is addressed to the discretion of the trial court.

**2. Automobiles § 3—**

A warrant charging that the named defendant did unlawfully and wilfully operate a motor vehicle on public streets or highways while his license was suspended, sufficiently charges defendant's violation of G.S. 20-28 without specific reference to the statute.

APPEAL by defendant from *Johnson, J.,* October 1966 Regular Criminal Session of FRANKLIN.

*Thomas Wade Bruton, Attorney General; William W. Melvin, Assistant Attorney General; T. Buie Costen, Staff Attorney, for the State.*
*Hubert H. Senter for defendant.*

PER CURIAM. Defendant was first tried in the Mayor's Court of Franklinton upon a warrant which charged: "On Fri. the 11 day of Sept., 1964, at 4:45 P.M. in Franklin County in the vicinity of Franklinton (1 M E) on RP 1211, Joseph D. Blacknell did unlawfully and willfully operate a motor vehicle upon the public streets or highways . . . (X) By driving while license has been suspended." The warrant purports to have been issued by M. O. Perry, Deputy Clerk of the Franklinton Court. See N. C. Priv. Laws 1905, ch. 92; N. C. Sess. Laws 1947, ch. 1095; N. C. Sess. Laws 1953, ch. 333; N. C. Sess. Laws 1959, ch. 750. The jury returned a verdict of guilty as charged; the Mayor imposed a prison sentence of six months; and defendant appealed to the Superior Court, where he was tried *de novo.*

Evidence for the State tended to show: Three or four days before September 11, 1964, defendant took a letter which had been mailed to him by the North Carolina Department of Motor Vehicles to Maylon Kearney, a police officer of the Town of Franklinton, and asked him what the letter meant. Mr. Kearney explained to defendant that it was notice to him that his driver's license had been revoked for the period specified therein. On September 11, 1964, State Highway Patrolman E. M. Roberts encountered defendant driving a 1963 Ford truck on Rural Paved Road 1211, which runs from Franklinton to Louisburg. The patrolman arrested defendant for driving while his license was suspended and took from him temporary permit #079647.

The State introduced in evidence a certified copy of defendant's "official record of convictions for violations of motor vehicle laws and departmental actions." G.S. 20-42(b); *State v. Corl,* 250 N.C. 258, 108 S.E. 2d 615. This document showed, *inter alia,* that de-

fendant's operator's license was "suspended April 24, 1964, to April 24, 1965." It also contained this additional information: "Mailed — June 11, 1964 — Pick up notice served Stp. 11, 1964. Pfc. Roberts, Rec. on file in dept." On cross-examination, Patrolman Roberts testified in answer to defense counsel's questions that defendant's license had been suspended because he had accumulated twelve points; that the quoted entry meant that the Department of Motor Vehicles had received defendant's license by mail on June 11, 1964, and that "pick up notice served Spt. 11, 1964" had reference to the temporary license which he himself had taken from defendant on that date and mailed to the department.

Defendant, as his only witness, testified that prior to September 11, 1964, he had never received a revocation notice from the Department of Motor Vehicles; that the license which Patrolman Roberts took from him on that date was not a temporary license; and that he had never gone to the police station to talk to Mr. Kearney about any letter. Defendant also said, "The driver's license that I have now is the same license that I showed Trooper Roberts."

The jury's verdict was "guilty as charged." From a judgment of imprisonment, defendant appealed.

After having twice pled to the warrant in courts having jurisdiction of the offense charged, at the conclusion of the State's evidence, defendant moved to quash the warrant. The record does not disclose what grounds, if any, he then specified as a basis of the motion. He now contends that M. O. Perry was not a person authorized to issue warrants. Defendant's motion came too late. This Court has consistently held that by pleading to the warrant a defendant waives any defects "incident to the authority of the person who issued the warrant." *State v. Wiggs*, 269 N.C. 507, 510, 153 S.E. 2d 84, 86. A motion to quash made after plea is addressed to the discretion of the trial court. 2 Strong, N. C. Index, Indictment and Warrant § 14 (1959).

Defendant further contends that the warrant will not support the judgment because it fails to charge a violation of G.S. 20-28, which provides in pertinent part:

> "Any person whose operator's or chauffeur's license has been suspended or revoked other than permanently . . . who shall drive any motor vehicle upon the highways of the State while such license is suspended or revoked shall be guilty of a misdemeanor. . . ."

One violates this section if he operates a motor vehicle on a public highway *while* his operator's license is in a state of suspension.

*State v. Sossamon,* 259 N.C. 374, 130 S.E. 2d 638. The warrant sufficiently charges a violation of G.S. 20-28, and the State's evidence was plenary to overrule defendant's motion for nonsuit.

In the trial we find

No error.