STATE OF NORTH CAROLINA v. WILLIAM McIVER COOK.

(Filed 2 February, 1968.)

**1. Indictment and Warrant § 9—**

A warrant or indictment following substantially the language of the statute is sufficient if and when it thereby charges the essentials of the offense in a plain, intelligible and explicit manner, G.S. 15-153, but if the statutory words fail to charge the offense they must be supplemented by other allegations supplying the deficiency.

**2. Automobiles § 3—**

A warrant charging that defendant operated a motor vehicle while his license was revoked fails to charge the offense defined in G.S. 20-28(a), it being necessary to charge that defendant operated the vehicle on a public highway.

**3. Indictment and Warrant § 9—**

A warrant which is fatally defective because of its failure to charge a criminal offense is not cured by a reference in the warrant to the statute.

**4. Criminal Law § 127—**

Arrest of judgment for a fatally defective warrant does not bar further prosecution upon a valid warrant.

APPEAL by defendant from *Bundy, J.,* May 1967 Criminal Session of DURHAM.

Defendant was tried in the General Court of Justice, District Criminal Court Division. He appealed from the judgment of that court and was tried *de novo* in the superior court.

Defendant was tried on a warrant in the superior court which charged that

". . . at and in the County named above (Durham) and on or about the 23rd day of December, 19    , the defendant named above did unlawfully, wilfully and driving while his license were revoked. Having been convicted in Raleigh Court for driving under the influence on April 12, 1966. License revoked from April 12th 1966 to April 12th, 1967.

"The offense charged here was committed against the peace and dignity of the State and in violation of law G.S. 20-28."

The warrant was sworn to and subscribed by complainant on 11 January 1967.

Prior to empaneling the jury, defendant moved to quash the warrant. The motion was denied. Defendant entered a plea of not guilty. At the close of the State's evidence, defendant moved for judgment as of nonsuit and renewed the motion to quash. The motions were denied. The jury returned a verdict of guilty as charged. Defendant's motion to set aside the verdict as being contrary to the greater weight of the evidence was denied. Defendant moved in arrest of judgment. Motion was denied.

Defendant appealed.

*Attorney General Bruton, Assistant Attorney General Melvin, and Staff Attorney Costen for the State.*
*Blackwell M. Brogden for defendant.*

BRANCH, J.  G.S. 20-28(a) in pertinent part provides:

> "Any person whose operator's. or chauffeur's license has been suspended or revoked other than permanently . . . who shall drive any motor vehicle upon the highways of the State while such license is suspended or revoked shall be guilty of a misdemeanor . . ."

The Court considered the validity of a warrant which purported to charge a violation of G.S. 2-28(a) in *State v. Sossamon,* 259 N.C. 374, 130 S.E. 2d 638. There the warrant charged:

> ". . . that defendant on March 26, 1961, in No. 4 Township, Cabarrus County, 'did unlawfully, willfully, operate a motor vehicle upon the public highways of North Carolina after his license had been revoked or suspended by the Department of Motor Vehicles in violation of 20-28 of the Motor Vehicles Laws of North Carolina, this being the defendant's second offense of the aforesaid crime, the same offender, D. H. Sossamon, Jr., having been convicted theretofore on or about the 29th day of February 1960, in the Cabarrus County Recorders Court of the offense of driving after his license was suspended,' . . ."

Upon trial in Superior Court the jury returned a verdict of "Guilty of operating a motor vehicle on the public highways during and while his license was revoked." Defendant's motion in arrest of judgment was denied. From judgment entered on the verdict, defendant appealed. Holding that failure to allege the operation occurred *while* such license was suspended or revoked was a fatal defect, the Court arrested judgment and, speaking through Bobbitt, J., stated:

> "A warrant or indictment following substantially the language of the statute is sufficient if and when it thereby charges the essentials of the offense 'in a plain, intelligible, and explicit manner.' G.S. 15-153; *S. v. Eason,* 242 N.C. 59, 86 S.E. 2d 774. If the statutory words fail to do this they 'must be supplemented by other allegations which so plainly, intelligibly and explicitly set forth every essential element of the offense as to leave no doubt in the mind of the accused and the court as to the offense intended to be charged.' *S. v. Cox, supra,* and cases cited.
>
> "The reference in the amended warrant to G.S. 20-28 discloses an intent to charge a violation of the offense defined therein. However, '(m)erely charging in general terms a breach of the statute and referring to it in the indictment is not sufficient.' *S. v. Ballangee,* 191 N.C. 700, 702, 132 S.E. 795, and cases cited."

To constitute a violation of G.S. 20-28(a) there must be (1) operation of a motor vehicle by a person (2) on a public highway (3) while his operator's license is suspended or revoked. *State v. Blacknell,* 270 N.C. 103, 153 S.E. 2d 789.

In the instant case the warrant does not charge that defendant operated a motor vehicle on a public highway. Thus the warrant fails to allege an essential element of the offense as defined in G.S. 20-28(a). This defect is not cured by reference in the warrant to the statute. The reference shows intent to charge a violation of the statute, but "merely charging in general terms a breach of the statute and referring to it in the indictment is not sufficient." *State v. Sossamon, supra.*

Since it appears on the face of the warrant that an essential element of the offense defined in G.S. 20-28(a) has not been alleged, we hold the warrant to be fatally defective. The judgment must be arrested, but this does not bar further prosecution on a valid warrant. *State v. Sossamon, supra.*

Judgment arrested.