STATE v. J. N. McBANE

No. 23

(Filed 10 December 1969)

**1. Counties § 5.5— county subdivision ordinance — sale of land by reference to plat not approved and recorded — misdemeanor — prerequisite to conviction**

As one of the prerequisites to conviction for violation of G.S. 153-266.6, it must be alleged and established that an ordinance regulating the subdivision of land was adopted by the board of county commissioners in accordance with the authority conferred by G.S. 153-266.1 *et seq.*

**2. Indictment and Warrant § 14— motion to quash for failure to charge offense — basis of decision**

When a warrant or indictment is challenged by a timely motion to quash

STATE *v.* McBANE

on the ground it fails to charge a criminal offense, decision must be based solely on the contents of such warrant or indictment.

**3. Criminal Law § 13— jurisdiction — valid indictment or warrant**

A valid warrant or indictment is an essential of jurisdiction.

**4. Indictment and Warrant § 9— charge of all essential elements of offense — G.S. 15-153 and G.S. 15-155**

Nothing in G.S. 15-153 or in G.S. 15-155 dispenses with the requirement that the warrant or indictment charge all the essential elements of the offense.

**5. Indictment and Warrant § 9— statutory offenses — sufficiency of indictment**

A warrant or indictment following substantially the language of the statute is sufficient if and when it thereby charges the essentials of the offense in a plain, intelligible and explicit manner, but if the statutory words fail to do this they must be supplemented by other allegations which so plainly, intelligibly and explicitly set forth every essential element of the offense as to leave no doubt in the mind of the accused and the court as to the offense intended to be charged.

**6. Indictment and Warrant § 9— statutory offenses — reference to statute — sufficiency of indictment**

A warrant or indictment merely charging in general terms a breach of the statute and referring to it in the indictment is not sufficient.

**7. Indictment and Warrant § 9; Counties § 5.5— general allegation of statutory violation — sufficiency of indictment**

The general allegation that defendant's conduct constituted a misdemeanor in violation of G.S. 153-266.6 is insufficient to charge a violation of that statute.

**8. Counties § 5.5— county subdivision ordinance — sale of land by reference to plat not approved and recorded — misdemeanor — sufficiency of warrant**

In this prosecution for the misdemeanor of selling or transferring land subject to a county subdivision ordinance with reference to a plat showing a subdivision of land before such plat had been properly approved under the ordinance and recorded, a violation of G.S. 153-266.6, the warrant is fatally defective where it fails to allege that defendant was the owner or agent of the owner of land within the platting jurisdiction granted to the county commissioners by G.S. 153-266.1.

**9. Counties § 5.5— crime defined by G.S. 153-266.6**

What G.S. 153-266.6 condemns as a misdemeanor is the description of land in any contract of sale, deed or other instrument of transfer by reference to a subdivision plat that has not been properly approved and recorded, it being immaterial whether the contract of sale, deed or other instrument of transfer is recorded.

**10. Counties § 5.5— county subdivision ordinance — purpose of G.S. 153-266.6**

The sole purpose of G.S. 153-266.6 is to compel compliance with ordi-

nance provisions which seek to prevent any subdivision of land covered by its terms unless and until the proposed subdivision map has been submitted to and approved by the designated governmental agencies.

**11. Statutes § 2— local acts authorizing laying out, etc. of highways, streets or alleys — constitutional prohibition**

Section 29, Article II, of the Constitution of North Carolina prohibits a local act which authorizes the laying out, opening, altering or discontinuing of a given particular and designated highway, street or alley.

**12. Statutes § 2; Counties § 5.5— authorizing laying out, etc. of highways and streets — G.S. 153-266.3 and G.S. 153-266.4**

Provisions of G.S. 153-266.3 and G.S. 153-266.4 setting forth what may and what must be included in a county subdivision ordinance do not constitute "authorizing the laying out, opening, altering, maintaining or discontinuing of highways, streets, or alleys" within the meaning of Section 29, Article II, of the Constitution of North Carolina.

MOORE, J., took no part in the consideration or decision of this case.

APPEAL by the State from *Burgwyn, Emergency Judge,* May 26, 1969 Criminal Session of GUILFORD Superior Court, certified, pursuant to G.S. 7A-31, for review by the Supreme Court before determination by the Court of Appeals.

The magistrate's warrant on which this criminal prosecution is based authorized the arrest of defendant for the alleged criminal offense described in the attached affidavit of Lindsay W. Cox, Guilford County Planning Director, *viz.:*

"The undersigned, Lindsay Cox, being duly sworn, complains and says that at and in the County named above and on or about the 26th day of January, 1967, the defendant named above did unlawfully, wilfully, did transfer or sell certain property described in the deed recorded in Deed Book, 2331, at page 32, in the Office of the Register of Deeds, Guilford County Courthouse, Greensboro, North Carolina, by reference to a plat showing a sub-division of land before such plat had been properly approved under the Guilford County Sub-Division Ordinance and recorded in the Office of the Register of Deeds of Guilford County, such reference constituting the committing of a misdemeanor in accordance with Chapter 153-266.6 which is incorporated in the Guilford County Sub-Division Ordinance at Section 23.

"The offense charged here was committed against the peace and dignity of the State and in violation of law according to Chapter 153-266.6 of the General Statutes of the State of North Carolina."

In the district court, defendant moved to quash the warrant. Upon

denial of his motion, defendant entered a plea of not guilty. The court found the defendant guilty and entered the following judgment: "Prayer for Judgment continued 12 months Pay 50.00 fine and cost." Defendant appealed.

In the superior court, before pleading to the accusation set forth therein, defendant moved to quash the warrant on the ground "the same does not charge an offense under the laws of North Carolina, the statute referred to being unconstitutional, invalid and void." The court allowed defendant's motion and entered judgment quashing the warrant and dismissing the action. Neither the motion to quash nor the judgment indicates any specific ground for holding G.S. 153-266.6 unconstitutional.

The State excepted and appealed.

*Attorney General Morgan and Assistant Attorney General Rich for the State.*

*Turner, Rollins, Rollins & Suggs for defendant appellee.*

BOBBITT, C.J.

This appeal by the State is specifically authorized by G.S. 15-179(3) and (6). *State v. Vaughan,* 268 N.C. 105, 150 S.E. 2d 31.

The provisions of Chapter 1007, Session Laws of 1959, captioned "AN ACT AUTHORIZING COUNTIES TO REGULATE THE SUBDIVISION OF LAND IN AREAS OUTSIDE MUNICIPAL SUBDIVISION - REGULATION JURISDICTION," now comprise Article 20A, Chapter 153, of the General Statutes (Vol. 3C, Replacement 1964). Article 20A consists of G.S. 153-266.1 through G.S. 153-266.9.

The warrant purports to charge a violation of G.S. 153-266.6, which provides: "If a board of county commissioners adopts an ordinance regulating the subdivision of land as authorized herein, any person who, being the owner or agent of the owner of any land located within the platting jurisdiction granted to the county commissioners by G.S. 153-266.1, thereafter transfers or sells such land by reference to a plat showing a subdivision of land before such plat has been properly approved under such ordinance and recorded in the office of the appropriate register of deeds, shall be guilty of a misdemeanor. The description by metes and bounds in the instrument of transfer or other document used in the process of selling or transferring shall not exempt the transaction from such penalties. The county, through its county attorney or other official designated

by the board of county commissioners, may enjoin such illegal transfer or sale by action for injunction."

[1]    G.S. 153-266.6 purports to create and define a misdemeanor "(i)f a board of county commissioners adopts an ordinance regulating the subdivision of land" as authorized by the provisions of Article 20A, Chapter 153. Hence, as one of the prerequisites to conviction for violation of G.S. 153-266.6, it must be alleged and established that an ordinance regulating the subdivision of land was adopted by the board of county commissioners in accordance with the authority conferred by G.S. 153-266.1 *et seq.*

Stipulations appearing in the record set forth that the Board of County Commissioners of Guilford County adopted "an Ordinance regulating the subdivision of land as authorized in Article 20A, Chapter 153, of the General Statutes," and that this ordinance had been "in full force and effect since May 17, 1965." The only provision of the ordinance referred to in the stipulations is Section 23 which simply repeats certain provisions of G.S. 153-266.6.

[2]    When a warrant or indictment is challenged by a timely motion to quash on the ground it fails to charge a criminal offense, decision must be based solely on the contents of such warrant or indictment. State v. Guffey, 265 N.C. 331, 333, 144 S.E. 2d 14, 16.

For present purposes, we assume, but do not decide, that a Guilford County Subdivision Ordinance was duly adopted and properly pleaded. Whether it was authorized, in whole or in part, by G.S. 153-266.1 *et seq.* is not presented. Its provisions do not appear in the record before us.

G.S. 153-266.1 confers upon a board of county commissioners authority to adopt a subdivision control ordinance. However, this authority may be lawfully exercised only within prescribed limitations. Thus, a subdivision ordinance adopted by the board of county commissioners applies solely to land lying within the county and outside the subdivision-regulation jurisdiction of any municipality. A municipality, under G.S. 160-226, may enact a subdivision ordinance applicable to land lying within the municipality or within one mile in all directions of its corporate limits. However, a municipality *may*, by resolution, agree to be governed by a county ordinance. A board of county commissioners, if it determines, pursuant to G.S. 153-266.13, that only certain areas of the county need to be governed by zoning regulations, *may* in its discretion elect to adopt subdivision regulations which apply only to such areas.

The sufficiency of the warrant on which this criminal prosecution

is based must be tested in the light of well-established legal principles stated below.

[3, 4]   "A valid warrant or indictment is an essential of jurisdiction." *State v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166; *State v. Thornton,* 251 N.C. 658, 660, 111 S.E. 2d 901, 902. The warrant or indictment must charge all the essential elements of the alleged criminal offense. *State v. Morgan, supra.* Nothing in G.S. 15-153 or in G.S. 15-155 dispenses with the requirement that the essential elements of the offense must be charged. *State v. Gibbs,* 234 N.C. 259, 261, 66 S.E. 2d 883, 885, and cases cited; *State v. Strickland,* 243 N.C. 100, 101, 89 S.E. 2d 781, 783.

[5]   A warrant or indictment following substantially the language of the statute is sufficient if and when it thereby charges the essentials of the offense "in a plain, intelligible, and explicit manner." G.S. 15-153; *State v. Eason,* 242 N.C. 59, 86 S.E. 2d 774. If the statutory words fail to do this they "must be supplemented by other allegations which so plainly, intelligibly and explicitly set forth every essential element of the offense as to leave no doubt in the mind of the accused and the court as to the offense intended to be charged." *State v. Cox,* 244 N.C. 57, 60, 92 S.E. 2d 413, 415, and cases cited.

[6]   A warrant or indictment "(m)erely charging in general terms a breach of the statute and referring to it in the indictment is not sufficient." *State v. Ballangee,* 191 N.C. 700, 702, 132 S.E. 795, and cases cited. Subsequent cases in accord with the foregoing include *State v. Sossamon,* 259 N.C. 374, 130 S.E. 2d 638, and *State v. Cook,* 272 N.C. 728, 158 S.E. 2d 820.

[7, 8]   The general allegation that defendant's conduct constituted a misdemeanor in violation of G.S. 153-266.6 is insufficient. The owner or agent of the owner of land within the "platting jurisdiction" granted the county commissioners by G.S. 153-266.1 is the only person subject to criminal prosecution for violation of G.S. 153-266.6. The warrant alleges that the defendant unlawfully and wilfully transferred or sold "certain property" described in Deed Book 2331, at page 32, of the Guilford County Registry. Assuming the allegations sufficiently imply that defendant was the owner or agent of the owner of the "certain property" described in Deed Book 2331, page 32, there is no allegation that this property is located within the "platting jurisdiction" granted to the county commissioners by G.S. 153-266.1 or that it is located in a portion of Guilford County "outside the subdivision-regulation jurisdiction of any municipality." In short, the warrant is fatally defective on account of its failure to allege one of the essential elements of the

criminal offense created and defined in G.S. 153-266.6, namely, that defendant was the owner or agent of the owner of land within the platting jurisdiction granted to the county commissioners by G.S. 153-266.1. Cf. *State v. Furio*, 267 N.C. 353, 148 S.E. 2d 275.

While we base decision on the insufficiency of the warrant, it seems appropriate to call attention to the matters discussed below.

The general purposes of an authorized county subdivision ordinance are stated in G.S. 153-266.3. Procedural requirements as to notice and hearing prior to the adoption thereof are set forth in G.S. 153-266.2. G.S. 153-266.7 defines "Subdivision," describing certain divisions as included in and other divisions as excluded from the definition. G.S. 153-266.4 requires that the ordinance contain a provision giving certain specified agencies an opportunity to make recommendations prior to the approval of any individual subdivision plat; and the ordinance may provide that final approval is to be given (1) by the board of county commissioners, or (2) by the board of county commissioners on recommendation of the county planning board, or (3) by the county planning board.

G.S. 153-266.4 also provides: "From and after the time that a subdivision ordinance is filed with the register of deeds of the county, no subdivision plat of land within the county's subdivision-regulation jurisdiction shall be filed or recorded until it shall have been submitted to and approved by the appropriate board, as specified in the subdivision ordinance, and until such approval shall have been entered on the face of the plat in writing by the chairman of said board. The register of deeds shall not file a plat of a subdivision of land located within the territorial jurisdiction of the county commissioners as defined in G.S. 153-266.1 hereof which has not been approved in accordance with these provisions, nor shall the clerk of superior court order or direct the recording of a plat where such recording would be in conflict with this section."

[9, 10]   The misdemeanor defined in G.S. 153-266.6, quoted above, relates to a sale or transfer of land with reference to a plat showing a subdivision of land before such plat has been properly approved under the ordinance and recorded in the office of the appropriate register of deeds. Whether the contract of sale, deed or other instrument of transfer is recorded is immaterial. What G.S. 153-266.6 condemns as a misdemeanor is the description of land in any contract of sale, deed or other instrument of transfer *by reference to a subdivision plat that has not been properly approved and recorded.* Obviously, the sole purpose of G.S. 153-266.6 is to compel compliance with ordinance provisions which seek to prevent any subdivision of

land covered by its terms unless and until the proposed subdivision map has been submitted to and approved by designated governmental agencies. See Cunningham, *Land Use Control,* 50 Iowa L. Rev. 367 at 423 (1965). Hence, decision of the controversy must turn upon the validity of the statutory and ordinance provisions *as applied to defendant's proposed division of land.* It would seem that all relevant facts necessary to determination of the crucial questions would be presented more appropriately in a civil action.

Defendant contends the statutes comprising Article 20A, of Chapter 153, constitutes a local act "authorizing the laying out, opening, altering, maintaining, or discontinuing of highways, streets, or alleys," in violation of Section 29, Article II, of the Constitution of North Carolina. The basis assigned for this contention is that, on May 17, 1965, when, according to the stipulation, the Guilford County Subdivision Ordinance was adopted, G.S. 153-266.9 provided: "This article (Article 20A, Chapter 153) shall not apply to the following counties: Bertie, Brunswick, Caswell, Craven, Franklin, Greene, Hoke, Pender, Scotland and Washington." (Note: G.S. 153-266.9 was repealed by Chapter 1010, Session Laws of ·1969, effective July 1, 1969.)

[11]   Whether Article 20A, Chapter 153, *as of May 17, 1965,* was a *local* act is immaterial. In *Deese v. Lumberton,* 211 N.C. 31, 34, 188 S.E. 857, 858, and cases cited, this Court held Section 29, Article II, of the Constitution of North Carolina, applies only to a local act which authorizes the "laying out, opening, altering, or discontinuing of a *given particular and designated* highway, street, or alley." Accord: *In re Assessments,* 243 N.C. 494, 498, 91 S.E. 2d 171, 173.

[12]   Article 20A, Chapter 153, authorizes, as set forth above, the adoption by county commissioners of a subdivision ordinance. G.S. 153-266.3 includes a provision that "(s)uch ordinance may provide . . . for the coordination of streets and highways within proposed subdivisions with existing or planned streets and highways and with other public facilities." G.S. 153-266.4 provides that such ordinance shall contain a provision to the effect that, prior to the approval of any subdivision plat, the district highway engineer will be given opportunity to make recommendations "as to proposed streets, highways, and drainage systems." In our opinion, and we so hold, these statutory provisions as to what may and what must be included in a county subdivision ordinance do not constitute "authorizing the laying out, opening, altering, maintaining, or discontinuing of highways, streets, or alleys," within the meaning of Section 29, Article II, of the Constitution of North Carolina.

Since neither the provisions of the ordinance nor the nature of defendant's proposed subdivision are before us, we deem it inappropriate, upon the present record, to consider other grounds, advanced by defendant in his brief on appeal, upon which he bases contentions that G.S. 153-266.6 is unconstitutional.

Our decision, which affirms Judge Burgwyn's ruling, is based solely on the ground the warrant does not charge all essential elements of the misdemeanor created by and defined in G.S. 153-266.6.

Affirmed.

MOORE, J., did not participate in the consideration or decision of this case.