State v. Martin

STATE OF NORTH CAROLINA v. ISAIAH MARTIN

No. 7217SC113

(Filed 23 February 1972)

1. Automobiles § 3— driving while license was suspended — warrant

A warrant for driving while driver's license was suspended is not fatally defective in failing to allege that defendant was driving upon a "public" street or highway, since the statute under which defendant was charged, G.S. 20-28, uses the phrase "highways of the State."

2. Indictment and Warrant § 9— sufficiency of warrant

A warrant must be sufficient in form to express the charge against defendant in a plain, intelligible and explicit manner and to enable the court to render a judgment and thus bar a subsequent prosecution for the same offense.

3. Criminal Law § 127— arrest of judgment — defective warrant or indictment

A motion in arrest of judgment on the ground of a defective warrant or indictment will not be granted unless it is so defective that judgment cannot be pronounced on it.

4. Automobiles § 2— failure to post security — suspension of license — constitutionality

The North Carolina provisions for suspension of an automobile driver's license for failure to post security fully comply with constitutional requirements. G.S. 20-279.5.

5. Automobiles § 2— revocation of license — collateral attack

The revocation of a driver's license for failure to post security may not be collaterally attacked in a prosecution for driving while license was revoked or suspended.

APPEAL by defendant from *Exum, Judge,* 16 August 1971 Session of Superior Court held in ROCKINGHAM County.

On August 23, 1970, the defendant, Isaiah Martin, was arrested and charged with driving a motor vehicle during a period of suspension of his driver's license.

The defendant was tried and convicted in the District Court. He appealed to the Superior Court.

On August 20, 1971, defendant was tried before a jury in Rockingham Superior Court. The jury returned a verdict of guilty and judgment was entered on the verdict. A suspended sentence was imposed.

From the verdict and judgment, defendant appeals.

*Attorney General Robert Morgan by Assistant Attorneys General William W. Melvin and William B. Ray for the State.*

*Smith and Patterson by Norman B. Smith and J. David James for defendant appellant.*

CAMPBELL, Judge.

The defendant raises two questions on appeal to this Court:

1. Did the trial court err in failing to quash the warrant on the grounds that it did not allege all the essential elements of the offense for which the defendant was tried and convicted?

2. Did the trial court commit error in admitting a record of the suspension of defendant's driver's license where the suspension was imposed without a hearing?

[1] The defendant contends that the warrant on which he was tried was fatally defective because it failed to allege that defendant was driving on a "public" highway.

The warrant alleged that the defendant, "did unlawfully and wilfully operate the above-described motor vehicle on a street or highway" during a period of suspension of his driver's license.

We do not agree with defendant that the word "public" is essential to a proper allegation of the offense charged. The statute which defendant is charged with violating does not use the term "public" highway, but instead uses the phrase, "the highways of the State." G.S. 20-28. If we were to accept defendant's argument, a warrant charging the offense in the words of the statute would be defective, contradicting the generally accepted rule that a warrant drawn in the language of the statute is sufficient when it charges the essentials of the offense in a plain, intelligible and explicit manner. *State v. McBane,* 276 N.C. 60, 170 S.E. 2d 913 (1969).

The defendant relied on the cases of *State v. Cook,* 272 N.C. 728, 158 S.E. 2d 820 (1968); *State v. Blacknell,* 270 N.C. 103, 153 S.E. 2d 789 (1967); *State v. Newborn,* 11 N.C. App. 292, 181 S.E. 2d 214 (1971); and *State v. Harris,* 10 N.C. App. 553, 180 S.E. 2d 29 (1971). All of these cases are distinguishable. In *Cook* the warrant contained no allegation that defendant was driving on *any* street or highway. In *Blacknell* the warrant

failed to allege that defendant was driving on a highway *while* his license was suspended. In *Newborn* the judge failed to instruct properly on the issue of whether the defendant's license was suspended. In *Harris,* a review of the record reveals that the judge failed to charge that an element of the offense was that defendant be driving on a street or highway. None of these cases held that the word "public" was essential to the warrant.

[2]    All that is required of a warrant is that it is sufficient in form to express the charge against the defendant in a plain, intelligible and explicit manner and to contain sufficient matter to enable the court to render a judgment and thus bar subsequent prosecution for the same offense. *State v. Hammond,* 241 N.C. 226, 85 S.E. 2d 133 (1954). We believe that the warrant before us meets these requirements.

[3]    A motion in arrest of judgment on the ground of a defective warrant or indictment will not be granted unless it is so defective that judgment cannot be pronounced upon it. *State v. Sauls,* 190 N.C. 810, 130 S.E. 848 (1925). No such defect appears in this warrant.

The defendant's second proposition is that the revocation of the defendant's driver's license was invalid and therefore the State has failed to prove one of the elements of the offense, *i.e.,* that the defendant's license was in lawful suspension when the offense occurred.

[4]    The defendant contends that the suspension order is void upon its face and may be collaterally attacked. The defendant relies upon *Bell v. Burson,* 402 U.S. 535, 29 L.Ed. 2d 90, 91 S.Ct. 1586 (1971). The *Bell* case construed a statute of the State of Georgia and held that the Georgia financial responsibility scheme did not comply with constitutional principles. North Carolina, on the other hand, is a compulsory insurance state, and the financial responsibility scheme in North Carolina is thus different from that of the State of Georgia. The *Bell* case is further distinguishable for that in North Carolina ample review is provided before a driver's license suspension becomes effective. G.S. 20-279.2. *Carter v. Scheidt,* 261 N.C. 702, 136 S.E. 2d 105 (1964) ; *Joyner v. Garrett,* 279 N.C. 226, 182 S.E. 2d 553 (1971). We are of the opinion that the North Carolina provisions for suspension of an automobile driver's license fully comply with the constitutional requirements of the *Bell* case.

[5] In addition to the fact that the *Bell* case is inapplicable the defendant in the instant case has attempted to attack the revocation of the driver's license collaterally in this proceeding, and this cannot be done. *State v. Ball,* 255 N.C. 351, 121 S.E. 2d 604 (1961); *Robinson v. Casualty Co.,* 260 N.C. 284, 132 S.E. 2d 629 (1963).

The defendant has raised other questions on this appeal which are contingent upon a finding that the suspension of defendant's driver's license was invalid. In view of our holding above, these questions need not be discussed.

No error.

Judges MORRIS and PARKER concur.