STATE OF NORTH CAROLINA v. WELDON RAY CRABTREE

No. 3

(Filed 12 March 1975)

1. Criminal Law § 146— constitutional questions — decision on other ground

Appellate courts will not pass upon constitutional questions, even when properly presented, if there is some other ground upon which the case can be decided, since the authority of the court to declare an act of the Legislature in conflict with the Constitution arises out of and as an incident of its duty to determine and adjudge the rights of parties in litigation before it.

2. Automobiles § 117— failure to decrease speed — insufficiency of warrant

Warrant was insufficient to charge defendant with failure to decrease speed in violation of [former] G.S. 20-141(c) where it did not allege the existence of any of the conditions specified in the statute and did not allege that the duty to use due care made a decrease in the speed of the defendant's vehicle necessary at the time and place in question.

State v. Crabtree

**3. Criminal Law § 13— jurisdiction — valid warrant or indictment**
     A valid warrant or indictment is essential to the jurisdiction of the court in a criminal case.

APPEAL by defendant from the decision of the Court of Appeals, reported in 23 N.C. App. 491, 209 S.E. 2d 299, finding no error on the appeal of the defendant from *Chess, S. J.,* at the 2 May 1974 Session of DURHAM.

The defendant was tried in the District Court of Durham County upon a warrant which charged:

     "[T]he above-named defendant, on or about Sunday 2:30 PM, the 13th day of January 1974 in the above named county, did unlawfully and willfully operate a motor vehicle on a public street or public highway: Without decreasing speed to avoid colliding with any vehicle then on the highway in violation of and contrary to, the form of the statute in such case made and provided, and against the peace and dignity of the State."

In the District Court, the defendant entered a plea of "Not Guilty." He was found guilty and from a sentence that he pay the costs of court he appealed to the Superior Court. There, before entering a plea, he moved to quash the warrant on the ground that "the statute under which it attempts to charge is vague and indefinite and does not set out any standard by which you violate the criminal law."

The motion to quash was denied. The defendant, thereupon, entered a plea of "Not Guilty." The jury returned a verdict of "Guilty as charged," and the defendant was sentenced to pay the costs of court. He appealed to the Court of Appeals, assigning as error the denial of his motion to quash the warrant and certain other alleged errors. He contended that G.S. 20-141 (c) was so vague as to violate Article I, §§ 19, 20 and 23, of the Constitution of North Carolina and the Fourteenth Amendment to the Constitution of the United States.

The Court of Appeals having found no error in the judgment of the Superior Court, the defendant appealed to the Supreme Court on the ground that his rights, guaranteed by the said provisions of the Constitution of North Carolina and of the Constitution of the United States, have been violated.

State v. Crabtree

*Attorney General Edmisten and Assistant Attorney General Boylan for the State.*

*Blackwell M. Brogden for defendant.*

LAKE, Justice.

At the time the warrant was issued G.S. 20-141, entitled "Speed restrictions," provided in subsection (a) that no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing and provided in subsection (b) and subsection (b1) specific maximum and minimum speed limits. It then provided in subsection (c):

> "The fact that the speed of a vehicle is lower than the foregoing limits shall not relieve the driver from the duty to decrease speed *when* approaching and crossing an intersection, *when* approaching and going around a curve, *when* approaching a hill crest, *when* traveling upon any narrow or winding roadway, or *when* special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions, *and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle, or other conveyance* on or entering the highway, and to avoid causing injury to any person or property either on or off the highway, *in compliance with legal requirements and the duty of all persons to use due care.*" (Emphasis added.)

[1] Upon this appeal we do not reach the constitutional question raised by the defendant. It is well established that appellate courts will not pass upon constitutional questions, even when properly presented, if there is some other ground upon which the case can be decided, since the authority of the court to declare an act of the Legislature in conflict with the Constitution arises out of and as an incident of its duty to determine and adjudge the rights of parties to the litigation before it. *Nicholson v. Education Assistance Authority,* 275 N.C. 439, 447, 168 S.E. 2d 401; *Carbide Corp. v. Davis,* 253 N.C. 324, 116 S.E. 2d 792; *State v. Blackwell,* 246 N.C. 642, 99 S.E. 2d 867; *State v. Jones,* 242 N.C. 563, 89 S.E. 2d 129; *Lutz Industries, Inc. v. Dixie Home Stores,* 242 N.C. 332, 342, 88 S.E. 2d 333; *State v. Muse,* 219 N.C. 226, 13 S.E. 2d 229; *State v. Lueders,* 214 N.C. 558, 200 S.E. 22. Thus, where the warrant upon which a defendant was tried was insufficient to charge

violations of an ordinance, this Court, though observing the invalidity of the warrant *sua sponte,* refused to determine the constitutionality of the ordinance upon appeal from a conviction of the defendant for its violation. *State v. Nichols,* 215 N.C. 80, 82, 200 S.E. 926; *State v. Smith,* 211 N.C. 206, 189 S.E. 509.

[2] It will be observed that if the statute here in question was within the power of the Legislature under the Constitution, it applied only when one of the specified conditions existed and, in such a situation, the motorist was commanded thereby to decrease his speed as might be necessary to avoid a collision "in compliance with legal requirements and the duty of all persons to use due care." The warrant upon which this defendant was tried and convicted does not allege the existence of any of those conditions nor does it allege that the duty to use due care made a decrease in the speed of the defendant's vehicle necessary at the time and place in question.

[3] A valid warrant or indictment is essential to the jurisdiction of the court in a criminal case. *State v. McBane,* 276 N.C. 60, 170 S.E. 2d 913; *State v. Stokes,* 274 N.C. 409, 163 S.E. 2d 770; *State v. Yoes,* 271 N.C. 616, 630, 157 S.E. 2d 386; *State v. Banks,* 263 N.C. 784, 140 S.E. 2d 318; *State v. Sossamon,* 259 N.C. 374, 130 S.E. 2d 638. An indictment or warrant charging a statutory offense must allege all of the essential elements of the offense. *State v. McBane, supra; State v. Cook,* 272 N.C. 728, 158 S.E. 2d 820; *State v. Sossamon, supra; State v. Nichols, supra; State v. Smith, supra;* Strong, N. C. Index 2d, Indictment and Warrant, § 9; id., Criminal Law, § 127.

By Chapter 1330, § 7, of the Session Laws of 1973, G.S. 20-141 was rewritten and subsection (c), which is the basis of this prosecution, was deleted, effective 1 January 1975. Since the warrant upon which the defendant was tried does not charge a violation of subsection (c), it is not necessary for us to determine in this action whether the repeal of the statute, effective upon a future date, was intended by the Legislature to bar prosecution and punishment for violations of the statute prior to the effective date of its repeal. See, *State v. McCluney,* 280 N.C. 404, 185 S.E. 2d 870. It is sufficient for the present that the failure of the warrant to charge the statutory offense is a bar to the imposition upon this defendant of a sentence in this proceeding.

Judgment arrested.