State v. Cunningham

STATE OF NORTH CAROLINA v. LOUIS C. CUNNINGHAM

No. 7712SC244

(Filed 21 September 1977)

1. **Disorderly Conduct § 4— allegations treated as surplusage— sufficiency of warrant**

   Although a warrant for disorderly conduct contained language previously held to be unconstitutionally vague and invalid as part of the disorderly conduct statute in that it alleged that defendant engaged in disorderly conduct "by using profane and abusive language in such a manner as to alarm or disturb persons present or provoke a breach of the peace," the unconstitutionally vague language will be treated as surplusage, and judgment will not be arrested where the remaining allegations of the warrant sufficiently alleged all the essential elements of the offense of disorderly conduct. Furthermore, defendant was not prejudiced by the inclusion of the unconstitutionally vague language in the warrant since the trial judge correctly charged on the elements of disorderly conduct and disregarded the vague language contained in the warrant.

2. **Arrest and Bail § 6.1— resisting arrest—duty of office— sufficiency of warrant**

   A warrant for resisting arrest sufficiently alleged that the officer was performing a duty of his office at the time of the incident in question where it charged that the officer was attempting to preserve the peace by placing the defendant under arrest for disorderly conduct.

3. **Disorderly Conduct § 5— use of abusive language— sufficiency of evidence for jury**

   The State's evidence in a disorderly conduct case was sufficient to permit the jury to find that defendant used abusive language which was intended and plainly likely to provoke violent retaliation and thereby cause a breach of the peace where it tended to show that defendant approached an officer concerning a parking ticket placed on his vehicle by the officer; defendant, cursing, stated that he didn't intend to pay the ticket, stepped into his truck and told the officer to get his "g-- d--- ass out of the way before he ran over [him]"; the officer told defendant he was under arrest, but defendant refused to accompany the officer to the magistrate's office; defendant resisted physical efforts by two officers to remove him from his truck; and defendant was subdued only by the use of mace and a blackjack.

4. **Arrest and Bail § 3.9— legality of arrest for disorderly conduct**

   An officer had probable cause to arrest defendant for disorderly conduct when defendant complained to an officer about a parking ticket and stepped into his truck and told the officer to get his "g-- d--- ass out of the way before he ran over [him]"; therefore, the arrest was lawful and defendant did not have the right to resist.

5. **Criminal Law § 163.4— broadside assignment of error to charge**

   · An assignment of error to the charge as a whole which specifies no portion which defendant deems erroneous and no additional instructions which he deems to be required is broadside and ineffective to bring up any portion of the charge for review.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 1 November 1976 in Superior Court, HOKE County. Heard in the Court of Appeals 23 August 1977.

Defendant was charged with disorderly conduct and resisting an officer in violation of G.S. 14-288.4(a)(2) and G.S. 14-223. Upon his plea of not guilty to each charge, the jury returned a verdict of guilty. From a judgment sentencing him to imprisonment for 30 days for disorderly conduct and 90 days for resisting an officer, defendant appealed.

The State's evidence tended to show that on the afternoon of 7 July 1977 Officer J. E. Tindall, while on duty on Main Street in Raeford, was approached by defendant Cunningham, who was in an agitated state concerning a parking ticket just placed on his vehicle by Officer Tindall. Upon inquiry as to the justification for the ticket and receiving Officer Tindall's explanation, the defendant, cursing, stated that he didn't intend to pay the ticket, stepped into his truck and told Officer Tindall to get his "g-- d--- ass out of the way before he [Cunningham] ran over [him]." At this point, the defendant was informed that he was under arrest for disorderly conduct and was requested to accompany Officer Tindall to the Magistrate's Office. The defendant refused, and Officer Tindall called Officer Campbell for assistance. After Officer Campbell arrived, the defendant continued his resistance by refusing to accompany the two officers to the Magistrate's Office, and he resisted physical efforts to remove him from the truck by clinging to the steering wheel. The officers then resorted to mace and a blackjack to force the defendant out of the truck. The defendant eventually released his grip on the wheel and accompanied the two officers to the Magistrate's Office.

The defendant's evidence tends to show that he approached Officer Tindall to seek advice concerning the parking ticket; that words were exchanged concerning the parking ticket; that he requested Officer Tindall to call the chief "to straighten it out"; that thereafter Officer Campbell arrived and said "let's go"; that after the defendant stated he planned to wait for the chief, Officer Tindall sprayed the defendant with mace and then Officer Campbell began to beat the defendant with a blackjack and then a flashlight about the shoulders and head. The defendant contended he was placed under arrest only after he had been beaten by Officer Campbell, whereupon he proceeded to the Magistrate's Office with the two policemen.

*Attorney General Edmisten, by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

*Assistant Public Defender Fred J. Williams for defendant appellant.*

MORRIS, Judge.

[1]   The defendant's first assignment of error is directed to the court's failure to quash the warrants upon defendant's arraignment. At his trial, defendant waived counsel and represented himself. No motion to quash was made, but on appeal defendant takes the position that the court should have, *ex mero motu,* quashed the warrants. We know of no statute or case law which requires a judge to so rule. Defendant concedes that he can find none. Of course, if the warrant or indictment does not sufficiently charge an offense, this Court, *ex mero motu,* may arrest judgment. *State v. Walker,* 249 N.C. 35, 105 S.E. 2d 101 (1958). We do not agree that the warrant contains such defects and requires arrest of judgment. It is defendant's position that the warrant for disorderly conduct contains language declared to be unconstitutionally vague and is therefore fatally defective, and that the second warrant for resisting an officer should be quashed because its validity is dependent upon the constitutionality and legality of the first warrant.

The defendant bases his position upon *State v. Summrell,* 282 N.C. 157, 192 S.E. 2d 569 (1972), in which part of the wording of G.S. 14-288.4(a)(2) prior to the 1971 amendment was declared unconstitutional. The portion of the old statute held to be vague and overly broad was "that part of section (a)(2) which proscribes 'offensively coarse' utterances and acts such as to alarm and disturb persons present." *State v. Summrell, supra,* at 166. The warrant charging the defendant with disorderly conduct alleges that the defendant did "unlawfully and wilfully, engage in disorderly conduct by using profane and abusive language in such a manner as to alarm or disturb persons present or provoke a breach of the peace . . . ."

Conceding that the warrant contains language held to be unconstitutional as a part of the disorderly conduct statute, it is not dispositive of the case. The contested language, in the instant case, is contained in the warrant, and superfluous words or allegations in a warrant beyond the essential elements of the crime charged may be treated as surplusage and disregarded. *State v. Taylor,* 280 N.C. 273, 185 S.E. 2d 677 (1972). *See also State v. Wilson,* 293 N.C. 47, 235 S.E. 2d 219 (1977). A motion to arrest judgment on the ground of a

defective warrant will not be granted unless it is so defective that the court could not pronounce judgment on it. *State v. Martin*, 13 N.C. App. 613, 186 S.E. 2d 647 (1972), *cert. denied* 281 N.C. 156, 188 S.E. 2d 364 (1972). Absent the contested language the warrant still alleges all the essential elements of G.S. 14-288.4(a)(2) and meets the requirements for a valid warrant to uphold the conviction. *State v. Letterlough*, 6 N.C. App. 36, 169 S.E. 2d 269 (1969).

Even if the vague language in the warrant were not disregarded there would be no prejudicial error to the defendant. In the case of *State v. Summrell, supra*, relied upon by the defendant for its pronouncement of the contested language as unconstitutionally vague, the Court affirmed the conviction under the statute declared overly broad because the trial judge narrowly and properly construed the statute in his charge to the jury, thereby confining the jury to constitutional limits by his instructions. *State v. Summrell, supra*, at 169. The instant case differs from *Summrell* in that the defendant made no motion to quash the warrant at trial and, therefore, the warrant was not amended, but the trial judge's instruction to the jury was clearly within constitutional limits. The judge, in his charge to the jury, listed the elements of disorderly conduct which the State must prove beyond a reasonable doubt as:

"FIRST, that the defendant used abusive language,

SECOND, that the language used was intended and plainly likely to provoke violent retaliation and thereby cause a breach of the peace,

AND THIRDLY, that the defendant acted wilfully and unlawfully, . . . .".

The trial judge corrctly listed the elements of the offense pursuant to current G.S. 14-288.4(a)(2) and correctly disregarded the vague language in the warrant in his charge to the jury.

[2] The defendant contends that the second warrant charging the defendant with resisting an officer should be quashed because its validity is dependent upon the constitutionality and legality of the disorderly conduct warrant. This contention is groundless in view of our conclusion regarding the legality of the disorderly conduct warrant. The defendant also contends that the second warrant should be quashed because Officer Tindall was not performing a duty of his office at the time of the incident. We disagree. The record shows and the warrant charges that Officer Tindall was attempting to preserve the peace by placing the defendant under arrest for

disorderly conduct; clearly one of the duties of his office. The warrant properly alleges that a duty was being performed which the defendant resisted. *State v. Smith*, 262 N.C. 472, 137 S.E. 2d 819 (1964).

The defendant's second assignment of error is to the court's failure to grant a nonsuit at the close of the State's evidence and at the close of all the evidence. A proper motion was not made at trial but the defendant requests the Court to review the sufficiency of the State's evidence pursuant to G.S. 15-173.1. There is ample evidence to support both convictions.

[3]  To support a conviction for disorderly conduct in the instant case the State carried the burden of proving that the defendant: (1) used abusive language; (2) that the language was intended and plainly likely to provoke violent retaliation and thereby cause a breach of the peace; and (3) that the defendant acted wilfully and unlawfully. The defendant contends that the evidence does not support a finding that he did any intentional act likely to provoke retaliation, and in support points out that he had ceased his conversation and was preparing to leave. Upon a motion to nonsuit, the evidence must be viewed in the light favorable to the State and the State's evidence tends to show that the conversation had not concluded; that the abusive language was uttered by the defendant after he had entered the truck; and that the abusive language not only indicated an intent to leave but also contained a threat to run over Officer Tindall while doing so. It is noted that Tindall, as a police officer, would be expected to show restraint when confronted with abusive language and that as a practical matter the likelihood of violent retaliation may have been slight, but the jury could reasonably interpret the defendant's utterances as fighting words likely to provoke the average person to retaliation. Under similar facts, Justice Sharp in *State v. Summrell, supra*, at 170, noted that as a practical matter, because of the persons present, violent retaliation was unlikely but she concluded that the conviction should be upheld because the utterances "were likely to provoke the average person to retaliation and thus cause an immediate breach of the peace."

The contention that the defendant had no intent to commit an act likely to provoke retaliation and a breach of the peace is countered by evidence that the defendant while sitting at the wheel of his vehicle threatened to run over Officer Tindall. Under the evidence of the instant case, the questions of intent and the likelihood of violent retaliation were properly left for the jury.

State v. Cunningham

[4]    The defendant's contention that the evidence is insufficient to support the conviction for resisting arrest is based on the argument that Officer Tindall did not have probable cause to arrest the defendant for disorderly conduct, and he, therefore, had the right to resist the arrest as unlawful. *State v. Mobley*, 240 N.C. 476, 83 S.E. 2d 100 (1954). We disagree. The analysis of the evidence relating to the disorderly conduct charge is also relevant here and supports the conclusion that Officer Tindall had probable cause to believe that the offense of disorderly conduct had been committed in his presence. G.S. 15A-401 conferred upon the officer the right to arrest the defendant without a warrant. The arrest, therefore, was lawful and the defendant did not have the right to resist.

[5]    The defendant's remaining assignment of error is directed to the court's instructions to the jury. This assignment of error reads as follows: "Did the trial court commit reversible error in its charge to the jury? DEFENDANT'S EXCEPTION NO. 4 (R p 24)". Exception No. 4 is found at the end of the court's charge and reads: "This constitutes DEFENDANT'S EXCEPTION NO. 4." This assignment of error is to the charge as a whole and specifies no portion which defendant deems erroneous nor does it advise the reviewing court what, in defendant's opinion, the court should have charged. This is a broadside assignment of error and we have repeatedly said that it is ineffective to bring before the Court any question for review. *Investment Properties v. Allen*, 281 N.C. 174, 188 S.E. 2d 441 (1973), and cases there cited; *Hudson v. Hudson*, 21 N.C. App. 412, 204 S.E. 2d 697 (1974), and cases there cited. The North Carolina Rules of Appellate Procedure explicitly set out the manner of taking exception to the instructions of the court to the jury. Rule 10, (Exceptions and Assignments of Error in Record on Appeal) North Carolina Rules of Appellate Procedure. 287 N.C. 679, 698.

No error.

Chief Judge BROCK and Judge BRITT concur.